Hitchcock, J.
The bill of exceptions in this case is very short, and it is to be presumed that it discloses but a small part *595 of the testimony which was exhibited on the trial. It is sucha one, however, as was allowed in the Court of Common Pleas, and.we must take it as it is, and if upon its face there to have beeft error committed, the judgment must be reversed. The exception to the testimony offered by the prosecution, is not, that in a certain state of case, it would not be proper, but that for the purpose for which it was offered it was improper.
The first bill of exceptions shows, that the counsel for the prosecution put to a witness, who was called to testify as to the declarations of /he prosecutrix, soon after the injury was said to have been inflicted, “ the following question to prove the offence committed, what did she say as to the act being done against her will ? To which question defendant objected,” but the objection was overruled and the question was answered.
The second bill of exceptions shows that the prosecution “ offered to prove to the jury, the declarations of the injured female the same day of the alleged offence, as evidence to prove the offence committed,” for which, the plaintiff in error was on trial. , This testimony was objected to, and the objection overruled.
There can be no doubt, that in a case of rape, the declarations of the injured female, made immediately or soon after the injury inflicted are competent testimony, provided the female herself has first been examined; competent not for the purpose of proving the commission of the offence, but as corroborative of, or contradictory to, her statements made in Court. If these declarations are in accordance with the testimony given in Court, they tend to strengthen and give effect to'that testimony ; if against it, the testimony is destroyed. If such testimony were to be entirely excluded when offered on the part of the prosecution, it would be extremely difficult to convict in any case. For as a general rule, it would be dangerous to convict, unless immediate complaint was made by the female, to her friends or others. And that such complaint was made, and the substance of it, ought not to be withheld from the jury. In this point of view, and for this purpose, testimony given by *596 the mother (for the mother was the witness on the stand) of the 'declarations made by her daughter, immediately upon her return home, on the day the offence was said to have been given, was competent.
But although said testimony is competent for the purpose before stated, it is not competent as evidence in chief to prove the commission of the offence; as to this it is mere hearsay. This principle seems to be well settled in the law, and is sustained by the cases cited by the plaintiff in. error; 1 Denio’s Rep. 19; 38 Eng. Com. Law Rep. 173. And here is the difficulty in the case. Taking the bill of exceptions as containing the truth, and we must so consider it, it seems that the testimony was received for the explicit purpose of proving the commission of the offence. For this purpose it was not competent and should not have been received.
The judgment of the Court of Common Pleas is reversed, and the cause remanded for a new trial.